IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY C. ALVARADO,

    **Plaintiff,**

    v.                                        CASE NO. 22-3275-JWL-JPO

TAMMY ALEXANDER, et. al,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is in custody at the Franklin County Jail in Ottawa, Kansas ("FCJ"). On November 22, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) (MOSC), granting Plaintiff until December 22, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court extended the response deadline to January 9, 2023. (Doc. 6.) Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations are set forth in detail in the MOSC. In general, he complains about receiving a disciplinary report when he refused to hand lunch trays over to staff as requested. Plaintiff alleges that this singled him out and he was told to do something no one else was told to do. Plaintiff also alleged that when staff arrived to apprehend his cellmate Plaintiff was told to face the wall and put his hands in the air while another inmate in the area was not asked to do the same. When Plaintiff asked if Plaintiff was being put under arrest he was told "no." Plaintiff also alleged that he lost privileges when staff mistakenly thought he was the one pushing the call button, but his privileges were returned and he did not get written up

because they noticed that Plaintiff did nothing wrong. Plaintiff also alleges that staff did not help him figure out when he received a breakfast tray with residue on it and they told him to take better notes.

The Court found in the MOSC that Plaintiff has not alleged an intent to punish on the part of staff at the FCJ, and his allegations suggest, at most, negligence. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell v. Wolfish*, 441 U.S. 520, 540 (1979). "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*. The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 540, n.23 (citations omitted).

The Court also found that Plaintiff failed to state a claim for relief based on his conditions of confinement. Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by any defendant. Plaintiff has failed to allege a constitutional violation, and his claims suggest, at most, mere negligence. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).

The Court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice." (Doc. 4, at 9.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 17, 2023, in Kansas City, Kansas.**

            **S/ John W. Lungstrum**
            **JOHN W. LUNGSTRUM**
            **UNITED STATES DISTRICT JUDGE**